


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DARSHAE SMITH,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | **JURY REQUESTED** |
| **Defendant.** | ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful sex discrimination and retaliation. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 1981a, 2000e et seq. ("Title VII"). The Plaintiff requests a trial by jury of all issues triable to a jury.

## II. JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

## III. ADMINISTRATIVE PREREQUISITES

3. The Plaintiff has met all administrative conditions precedent for filing this case under Title VII. On March 10, 2017, the Plaintiff was issued a Dismissal

and Notice of Rights for EEOC Charge No. 420-2016-02816. Plaintiff is filing the instant lawsuit within 90-days of her receipt of her Dismissal and Notice of Rights for both charges. [See, Ex. 1 and Ex. 2].

## IV. PARTIES

4. The Plaintiff, Darshae Smith ("Plaintiff" or "Smith"), is a female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama.

5. Defendant, City of Birmingham ("Defendant" or "City"), employs more than fifteen (15) people and is thus an "employer" for Title VII purposes. The City of Birmingham is Jefferson County, Alabama's largest municipality.

## V. STATEMENT OF FACTS

6. Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. Smith initially began her employment with the City of Birmingham Public Works Department on or about July 27, 2015 as a temporary laborer. Smith understood that an individual had to work for a time as a temporary laborer before they could transition to permanent employee status.

8. Almost as soon as Smith started working for the City, Mr. Rodriguez, a manager/supervisor, began propositioning her for a sexual relationship. Smith

refused to have sex with Mr. Rodriguez. Mr. Rodriguez then stated to Smith that he was the person who could decide or recommend what temporary employees were made full-time regular City workers.

9. Mr. Rodriguez proceeded to tell Smith, on more than occasion, that if she were to have sex with him he would recommend her for a permanent position. Smith still refused to have sex with Mr. Rodriguez.

10. On or about January 22, 2016, all of the temporary employees under Mr. Rodriguez's supervision were laid off. On February 19, 2016, all of the previously laid off temporary employees were called back to do complete an obstacle course and provide a drug screen as a precursor to permanent employment.

11. Smith completed the obstacle course and passed the drug screen, but was not called back to work. Similarly situated individuals male employees were called back to work. On June 22, 2016, Smith made a formal complaint about Mr. Rodriguez to City officials. On July 8, 2016, Smith filed a charge of discrimination with the Equal Employment Opportunity Commission.

12. After making the internal complaint to the City's Human Resource Department, Smith was allowed to come back to work as a temporary employee in August of 2016.

13. On November 2, 2016, the EEOC forwarded a copy of Smith's Charge of Discrimination to the Defendant.

14. On February 13, 2017, Smith was told by her new supervisor, Mike Brown, that she had to get safety shoes. Smith purchased safety shoes for herself on February 25th or 26th. On March 6, 2017, Smith received a Notice of Determination Hearing from the City stating that a hearing had been scheduled for March 8, 2017 regarding her not having proper footwear for her job.

15. The hearing was held on March 8, 2017 and on that same day, Smith was issued a decision terminating her employment. Smith was never able to secure a permanent position with the City as male and/or female employee who had not reported or opposed discrimination and harassment in employment.[1]

## VI. CAUSES OF ACTION

### COUNT I - TITLE VII SEXUAL HARASSMENT

16. The Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail herein below.

17. Rodriguez, Smith's supervisor, demanded that she submit to his sexual demands of her. Rodriguez was aided in these demands by use of his supervisory authority. Rodriguez had authority to undertake or recommend tangible employment

---

[1]Smith has filed a charge based on her termination as well.

decisions affecting Smith and he had the authority to direct Smith's daily work activities. Thus, Rodriguez subjected Plaintiff to working conditions in violation of Title VII and Defendant is strictly liable under Title VII for such harassment.

18. Rodriguez's sexual harassment of the Plaintiff was unwelcome, and was severe and pervasive enough to adversely affect the terms and conditions of her employment. Rodriguez used his authority as a supervisor to further his unlawful harassment of Smith. When Smith declined Rodriguez's invitations for sex, he recommended that she not be rehired or recalled with the other temporary workers. Finally, Defendant knew or should have known of Rodriguez's harassment of the Plaintiff, and did not take prompt, effective remedial action.

19. Rodriguez's creation of a sexually hostile work environment is in violation of Title VII and the Defendant is thus liable under Title VII for Rodriguez's conduct.

20. Rodriguez's conduct proximately caused Smith to suffer great economic harm, emotional distress, mental anguish and trauma for which she claims compensatory and punitive damages from the City.

**COUNT II -TITLE VII RETALIATION**

21. The Plaintiff re-alleges and incorporates by reference paragraphs 1-20 above with the same force and effect as if fully set out in specific detail herein below.

22. Smith has been retaliated against for reporting and opposing sexual harassment in employment.

23. Smith was denied the opportunity to come back to work after she refused to comply with Rodriguez's sexual demands and she was held out of work for an additional two-months after reporting his egregious and demeaning conduct. Smith was finally terminated in retaliation for reporting Rodriguez's harassment of her and for filing an EEOC charge. But for Smith reporting and opposing sexual harassment, she would not have suffered the adverse employment actions outlined herein and above.

24. The effect of the City's retaliation as outlined above has been to deprive Smith of the right to oppose discriminatory business practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, as amended.

25. As a further consequence and effect of the Defendant's unlawful conduct and practices, Smith was deprived of income and other compensation and benefits.

26. Smith has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the City's retaliatory, demeaning, and unlawful conduct.

27. Smith has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

28. Smith is now suffering and will continue to suffer irreparable injury from the City's unlawful policies and practices as set forth herein unless enjoined by this Court.

29. This retaliatory, malicious, reckless and willful discrimination on the part of the City constitutes a violation of Smith's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by Title VII;

2. Grant the Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with this Defendant and on this Defendant's behalf from continuing to violate Title VII;

3. Issue an injunction ordering this Defendant: (1) not to engage in gender discrimination, sexual harassment or retaliation; (2) ordering Defendant to establish written policies and procedures against such discriminatory conduct; (3) and to establish a grievance procedure for reporting such conduct;

4. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), and by awarding plaintiff compensatory, punitive, liquidated, and/or nominal damages.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS**
**A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970 telephone
(205) 278-5876 facsimile
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
City of Birmingham
710 North 20th Street
City Hall Suite 600
Birmingham, AL 35203